Dale M. Cendali
Joshua L. Simmons
Jordan M. Romanoff
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
jordan.romanoff@kirkland.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRONICLE BOOKS, LLC; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS LLC; MACMILLAN PUBLISHING GROUP, LLC; PENGUIN RANDOM HOUSE LLC; SCHOLASTIC INC.; AND SIMON & SCHUSTER, INC.<br><br>Plaintiffs,<br><br>- against -<br><br>AUDIBLE, Inc.<br><br>Defendant. | Case No. 19 Civ. 7913 (VEC)<br><br>ECF Case |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................................ 1

**FACTUAL BACKGROUND** ........................................................................................................... 2

**ARGUMENT** ..................................................................................................................................... 2

    I.    LEGAL STANDARD ............................................................................................... 2

    II.    PUBLISHERS' COPYRIGHT INFRINGEMENT CLAIMS WERE
           PROPERLY PLEADED ........................................................................................... 3

**CONCLUSION** ................................................................................................................................ 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Agence France Presse v. Morel*,
   769 F. Supp. 2d 295 (S.D.N.Y. 2011) ................................................................................... 6, 7

*Ahmad v. Morgan Stanley & Co.*,
   2 F. Supp. 3d 491 (S.D.N.Y. 2014) ............................................................................................ 2

*Amy Axelrod, Inc. v. Simon & Schuster, Inc.*,
   No. 07 Civ. 891, 2007 WL 2412257 (S.D.N.Y. Aug. 27, 2007) .............................................. 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................... 2

*Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*,
   No. 14 Civ. 9687, 2016 WL 4916969 (S.D.N.Y. Feb. 11, 2016) ......................................... 9, 10

*Barrett v. PJT Partners Inc.*,
   No. 16 Civ. 2841, 2017 WL 3995606 (S.D.N.Y. Sept. 8, 2017) .............................................. 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................... 2

*Bourne v. Walt Disney Co.*,
   68 F.3d 621 (2d Cir. 1995) .............................................................................................. 4, 7, 10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ................................................................................................................... 3

*Graham Hanson Design LLC v. 511 9th LLC*,
   No. 10 Civ. 5493, 2011 WL 744801 (S.D.N.Y. Feb. 24, 2011) ................................................. 6

*Graham v. James*,
   144 F.3d 229 (2d Cir. 1998) ..................................................................................................... 11

*Graham v. Prince*,
   265 F. Supp. 3d 366 (S.D.N.Y. 2017) ...................................................................................... 12

*Gramercy Advisors, LLC v. Ripley*,
   No. 13 Civ. 9070, 2014 WL 5847444 (S.D.N.Y. Nov. 12, 2014) .............................................. 5

*Hayden v. Cty. of Nassau*,
   180 F.3d 42 (2d Cir. 1999) ....................................................................................................... 12

*Jasper v. Sony Music Entm't, Inc.*,
   378 F. Supp. 2d 334 (S.D.N.Y. 2005)..................................................................................11

*Jones v. Halstead Mgmt. Co.*,
   81 F. Supp. 3d 324 (S.D.N.Y. 2015)......................................................................................3

*Kelly-Brown v. Winfrey*,
   717 F.3d 295 (2d Cir. 2013)...................................................................................................5

*Knipe v. Skinner*,
   999 F.2d 708 (2d Cir. 1993)...................................................................................................5

*LaChapelle v. Fenty*,
   812 F. Supp. 2d 434 (S.D.N.Y. 2011)..................................................................................12

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*,
   23 F. Supp. 3d 344 (S.D.N.Y. 2014)......................................................................................9

*M. Shanken Commc'ns, Inc. v. Cigar500.com*,
   No. 07 Civ. 7371, 2008 WL 2696168 (S.D.N.Y. July 7, 2008) ...........................................12

*Mech. Plastics Corp. v. W.W. Grainger, Inc.*,
   No. 12 Civ. 4688, 2013 WL 12333770 (S.D.N.Y. Oct. 3, 2013) .........................................11

*Membler.com LLC v. Barber*,
   No. 12 Civ. 4941, 2013 WL 5348546 (E.D.N.Y. Sept. 23, 2013)..........................................5

*Muench Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*,
   367 F. Supp. 3d 82 (S.D.N.Y. 2019)....................................................................................11

*Muhammad-Ali v. Final Call, Inc.*,
   832 F.3d 755 (7th Cir. 2016) .................................................................................................4

*Nadav v. Beardwood & Co.*,
   No. 17 Civ. 6465 (S.D.N.Y. Jan. 17, 2018).........................................................................11

*Perez v. Westchester Foreign Autos, Inc.*,
   No. 11 Civ. 6091, 2013 WL 749497 (S.D.N.Y. Feb. 28, 2013) .............................................3

*Playboy Enters. Int'l, Inc. v. Mediatakeout.com LLC*,
   No. 15 Civ. 7053, 2016 WL 1023321 (S.D.N.Y. Mar. 8, 2016) ............................................5

*Rams v. Def Jam Recordings, Inc.*,
   202 F. Supp. 3d 376 (S.D.N.Y. 2016)....................................................................................2

*Reis, Inc. v. Spring11 LLC*,
   No. 15 Civ. 2836, 2016 WL 5390896 (S.D.N.Y. Sept. 26, 2016).........................................11

*Sohm v. Scholastic Inc.*,
 No. 16 Civ. 7098, 2018 WL 1605214 (S.D.N.Y. Mar. 29, 2018) ...........................................11

*Spinelli v. Nat'l Football League*,
 903 F.3d 185 (2d Cir. 2018).................................................................................................4, 5, 7

*Tasini v. N.Y. Times Co.*,
 206 F.3d 161 (2d Cir. 2000)......................................................................................................4, 7

*TufAmerica, Inc. v. Orchard Enters., Inc.*,
 No. 11 Civ. 1816, 2011 WL 4946663 (S.D.N.Y. Oct. 14, 2011) .............................................12

*Wynder v. McMahon*,
 360 F.3d 73 (2d Cir. 2004)..........................................................................................................10

*Yamashita v. Scholastic, Inc.*,
 —F.3d—, 2019 WL 4047513 (2d Cir. Aug. 28, 2019) ..................................................... *passim*

*Ying Jie Zhao v. L & K Rest., Inc.*,
 No. 14 Civ. 6103, 2015 WL 1809115 (S.D.N.Y. Apr. 21, 2015)..............................................2

*Young-Wolff v. McGraw-Hill School Educ. Holdings, LLC*,
 No. 13 Civ. 4372, 2015 WL 1399702 (S.D.N.Y. Mar. 27, 2015) .........................................8, 9

**Rules**

Fed. R. Civ. P. 8...............................................................................................................1, 4, 8, 12

Fed. R. Civ. P. 12...............................................................................................................................2

**Other Authorities**

4 *Nimmer on Copyright* § 13.01[C][1] ...........................................................................................4

U.S. Copyright Office, *Compendium of U.S. Copyright Practices* (3d ed. 2019)..........................7

**PRELIMINARY STATEMENT**

In its motion to dismiss,[1] Audible asserts that Publishers' Complaint (Dkt. No. 1) fails to state a claim because it does not contain allegations explaining why Audible's creation and delivery of the Distributed Text exceeds the scope or violates conditions of Publishers' audiobook resale agreements with Audible.[2] This argument makes no sense as Publishers have satisfied the liberal notice pleading standard by filing a detailed Complaint articulating the nature of their claims, in keeping with Rule 8 and the law of this Circuit. The Complaint clearly alleges both elements of a copyright claim as set forth by the Supreme Court—(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original, *see infra* 3—and Audible does not contend either element was insufficiently alleged.

Instead, Audible's arguments are based on a flawed reading of a recent Second Circuit case that involved a copyright claim brought by a plaintiff alleging that (1) although the defendant had a license to reproduce his photographs, (2) the defendant exceeded that authorization in some vague and unspecified way. Publishers' suit is entirely different in both respects. Here, Publishers do *not* allege that they granted Audible a license to prepare the Distributed Text but Audible created too much of it—to the contrary, the Complaint specifically alleges that Audible does not have that right *at all*. *See infra* 5. Moreover, the Complaint

---

[1] Audible filed a combined memorandum in support of its motion to dismiss and opposition to Publishers' motion for a preliminary injunction (Dkt. No. 34) ("Def.'s Br."), but by doing so, it inappropriately relies on evidence extrinsic to the Complaint to support its motion to dismiss. Audible also may have intended to file a reply to its motion to dismiss that addressed both the motion to dismiss and motion for a preliminary injunction. That would be inappropriate as it would constitute an unauthorized sur-reply. Audible's reply brief to its motion to dismiss must be limited to responding to Publishers' opposition brief. To keep the docket and issues clear, Publishers separately submit this memorandum of law to address why Audible's motion to dismiss should be denied. Pursuant to the Federal Rules of Civil Procedure, Publishers' opposition to Audible's unanticipated motion to dismiss is due on September 26, 2019. For the convenience of the Court, however, Publishers are submitting their opposition on September 20, 2019, the same day as their reply in support of their preliminary injunction motion.

[2] Capitalized terms not defined herein previously were defined in Publishers' memorandum of law in support of their motion for a preliminary injunction. Pls.' Mem. Supp. Mot. Prelim. Inj. (Dkt. No. 11) ("Pls.' Br.").

Case 1:19-cv-07913-VEC   Document 47   Filed 09/20/19   Page 7 of 18

repeatedly and clearly puts Audible on notice as to how it infringed Publishers' copyrights. *See infra* 8. Audible cannot use the Complaint's comprehensively pleaded allegations to avoid its burdens to plead an affirmative defense of license. Were this not the case, it would change the elements of a copyright claim set forth by the Supreme Court to require a plaintiff to *disprove* the existence of a license any time the parties have any kind of contract between them, whether a license or not, to avoid this type of collateral attack. Such an imposition is not supported by the law of this Circuit or the facts of this case. Accordingly, Audible's motion to dismiss should be denied.

## FACTUAL BACKGROUND

For the factual background of Publishers' opposition to Audible's motion to dismiss, Publishers respectfully refer the Court to their Complaint and, to the extent necessary, their memorandum of law in support of their motion for a preliminary injunction. Pls.' Br. 3–10.

## ARGUMENT

### I.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding such a motion, courts accept a "complaint's well-pleaded factual allegations as true and draw[] all reasonable inferences in the [plaintiff's] favor." *See Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 382 (S.D.N.Y. 2016) (citing *Ahmad v. Morgan Stanley & Co.*, 2 F. Supp. 3d 491, 495 (S.D.N.Y. 2014)). Further, courts are generally confined to the "four corners of the complaint" and must "look only to the allegations contained therein." *Ying Jie Zhao v. L & K Rest., Inc.*,

- 2 -

No. 14 Civ. 6103, 2015 WL 1809115, at *1 (S.D.N.Y. Apr. 21, 2015) (Caproni, J.) (quoting *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091, 2013 WL 749497, at *5 (S.D.N.Y. Feb. 28, 2013)).  Extrinsic documents are permitted only if they are attached to the complaint, incorporated by reference, or integral to the complaint.  *See Jones v. Halstead Mgmt. Co.*, 81 F. Supp. 3d 324, 335–36 (S.D.N.Y. 2015) (Caproni, J.) (declining to consider defendants' extrinsic evidence on a motion to dismiss).

## II. PUBLISHERS' COPYRIGHT INFRINGEMENT CLAIMS WERE PROPERLY PLEADED

Audible's motion to dismiss should be denied because Publishers properly pleaded their claims of direct and indirect copyright infringement.  **First**, the Supreme Court has held that there are two elements to a copyright infringement claim: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Nowhere does Audible suggest that Publishers' Complaint does not contain sufficient allegations to satisfy those elements, nor could it.  Compl. ¶¶ 16, 29, 36, 56.  Further, Audible admits the substance of the Complaint's allegations: that it makes copies of the entirety of the Works, retains those copies, and then distributes them to its audiobook customers.  Def's. Br. 6.  Similarly, Audible does not assert that Publishers have insufficiently pleaded the elements of their secondary liability claim—unsurprising given Publishers' numerous supporting allegations.  Compl. ¶¶ 34–35, 42–43, 55–64.

Instead, Audible claims that Publishers should have included in their Complaint allegations concerning their audiobook resale agreements with Audible and why Audible's production of Distributed Text goes beyond the scope of those contracts or violates their conditions.  Def.'s Br. 13–17.  Audible's argument is inconsistent with the Federal Rules of Civil Procedure and misstates fundamental principles of copyright law.  As to the former, Audible's

- 3 -

argument repeatedly relies on the declarations that the parties submitted concerning Publishers' preliminary injunction motion.  *Id.* at 14–16 (citing Declarations of Beth Anderson (Dkt. No. 35), Lori Benton (Dkt. No. 18), Tyrrell Mahoney (Dkt. No. 14), Michael Pietsch (Dkt. No. 15), Chantal Restivo-Alessi (Dkt. No. 16), Douglas E. Stambaugh (Dkt. No. 19), Richard Stern (Dkt. No. 38), Jeffrey Weber (Dkt. No. 13), and Jonathan Yaged (Dkt. No. 17)).  As those declarations are outside the four corners of the Complaint, they cannot be considered on Audible's motion to dismiss.  *See supra* 2.

As to the latter, Audible fails to address the fact that lack of a license is *not* an element of a copyright claim.  Instead, Federal Rule of Civil Procedure 8(c)(1) provides that license is an affirmative defense, the burden of which rests with the defendant and ordinarily is first raised in the defendant's answer.  The Second Circuit repeatedly has acknowledged this fundamental copyright principle and "plac[ed] upon the party claiming a license 'the burden of coming forward with evidence' of one."  *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (quoting *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995)); *Tasini v. N.Y. Times Co.*, 206 F.3d 161, 170–71 (2d Cir. 2000) (plaintiff did not have burden of pleading the absence of a license).[3]  Even the cases on which Audible relies acknowledge this baseline concept.  *See Yamashita v. Scholastic, Inc.*, —F.3d—, 2019 WL 4047513, at *5 (2d Cir. Aug. 28, 2019) (stating in the motion to dismiss context that "possession of an applicable license . . . is a defense that the alleged infringer must plead and prove").  A copyright owner does not need to allege that a license does *not* exist to state a claim for copyright infringement.  Rather, Audible

---

[3]   *See also Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 761 (7th Cir. 2016) ("The burden is therefore on the alleged infringer to show that the use was authorized—not on the plaintiff to show it was not."); 4 *Nimmer on Copyright* § 13.01[C][1] (stating that "as a matter of allocation of proof . . . authorization from the copyright owner is an affirmative defense rather than an element of plaintiff's case").

has to raise the existence of a license permitting its conduct. Audible has not come forward with any such license.

***Second***, although license is an affirmative defense, it may be raised on a motion to dismiss "where the facts necessary to establish the defense are evident on the face of the complaint." *Spinelli*, 903 F.3d at 199 (quoting *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)). This is not the case here. Notably, Audible does not assert in its omnibus brief that it is licensed to produce the Distributed Text, much less that the Complaint's allegations standing alone would establish such a defense.[4] This makes sense as the Complaint repeatedly alleges that Audible has *no* license to generate the Distributed Text from Publishers' Works. *See, e.g.*, Compl. ¶¶ 1, 3 (Audible is "unlawfully creating derivative works of, reproducing, distributing, and publicly displaying unauthorized copies of the Works" and "did not seek a license for the creation and provision of the transcriptions provided to consumers[]"), 37 ("Audible is unilaterally (and over the objections of the Publishers) . . . exercising rights not licensed to it"), 39 (Audible is "unilaterally offering the unauthorized Distributed Text"). As a result, the Complaint cannot be dismissed on the basis that a license to the Distributed Text exists. *See Spinelli*, 903 F.3d at 197 (holding that complaint's allegation that the defendants *lacked* license to use plaintiffs' photos foreclosed an affirmative license defense for purposes of a motion to dismiss); *Playboy Enters. Int'l, Inc. v. Mediatakeout.com LLC*, No. 15 Civ. 7053, 2016 WL 1023321, at *2 (S.D.N.Y. Mar. 8, 2016) (denying motion to dismiss where complaint did not "clearly and unambiguously demonstrate[] the existence of [a] license," stating defendant "falls far short of establishing, at the pleading stage, the affirmative defense that it had a license"); *Membler.com LLC v. Barber*, No. 12 Civ. 4941, 2013 WL 5348546, at *8 (E.D.N.Y. Sept. 23,

---

[4] Nor can Audible raise that argument now. *See Gramercy Advisors, LLC v. Ripley*, No. 13 Civ. 9070, 2014 WL 5847444, at *3 (S.D.N.Y. Nov. 12, 2014) (Caproni, J.) ("Arguments may not be made for the first time in a reply brief.") (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)).

2013) (denying motion to dismiss where plaintiff disputed existence of a license, stating that "[a]s the Court cannot definitively say whether there was a license in this case, dismissal is not appropriate"); *Graham Hanson Design LLC v. 511 9th LLC*, No. 10 Civ. 5493, 2011 WL 744801, at *4 (S.D.N.Y. Feb. 24, 2011) ("Because the allegations in the four corners of the Complaint do not establish the existence of a[] license, Defendants' motion to dismiss must be denied.").

This case is unlike *Yamashita*, where the existence of a license defense was never in doubt. There, a photographer alleged in his complaint that the defendant publisher, although licensed to use 82 of his stock photographs, infringed his copyrights in those stock photographs by printing and/or distributing them in excess of unspecified and unknown numeric, geographic, and temporal limitations in the licenses. 2019 WL 4047513, at *5. Because the complaint admitted that the defendant had the right to reproduce and distribute the photographs, the Second Circuit noted that the defendant "procured licenses to copy the Photographs" and so "was entitled to *some* copying." *Id.* Thus, the existence of a license that would permit the defendant's conduct as to the work at issue was not a question, and the only issue was whether the plaintiff *exceeded the scope* of that admitted right to reproduce the photographs. *Cf. Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 303 (S.D.N.Y. 2011) ("terms of the governing contracts" must be "clear" to assess license on a motion to dismiss).

In sharp contrast, Publishers' Complaint alleges no license that would permit Audible to generate Distributed Text from Publishers' Works and provide it to the public. *See supra* 5. There is nothing in the Complaint that even suggests that Audible is permitted to provide the Distributed Text. To the contrary, the Complaint repeatedly asserts that Audible's actions in providing the Distributed Text were wholly *un*licensed. *Id.* Nor does the Complaint's passing

reference to audiobook resale agreements permit Audible to raise a license defense on a motion to dismiss. This is because the audiobook resale agreements, as alleged, do not relate to Audible's conduct in providing the Distributed Text.[5] Nowhere in its motion does Audible suggest either that (a) those agreements for *audio*books would cover the Distributed *Text* of Publishers' Works, or (b) would permit Audible to take the actions that are the subject of this dispute. Def.'s Br. 14. In other words, Audible cannot raise the Complaint's reference to its authorization to copy apples as a defense to the Complaint's clearly pleaded allegations that it improperly copied oranges.

As the Complaint's allegations do not establish the existence of the type of license required, it is Audible's burden to plead its affirmative defense and the Complaint should not be dismissed on this basis. *See Spinelli*, 903 F.3d at 199 (on motion to dismiss, where plaintiffs alleged that defendants used copyrighted photographs without license to do so, the defendant bore the burden of proving the existence of the license); *Tasini*, 206 F.3d at 171 ("Where the dispute turns on whether there is a license at all, the burden is on the alleged infringer to prove the existence of the license."); *Morel*, 769 F. Supp. 2d at 303 (citing *Bourne* standard on motion to dismiss and holding that defendants "d[id] not meet their burden to establish that they had a license to use [plaintiff's] photographs").

***Third***, Publishers' Complaint is entirely consistent with *Yamashita*'s notice considerations. The Complaint clearly and repeatedly alleges that the Distributed Text is not authorized by the existing resale agreements. *Yamashita*'s holding rested on the plaintiff's total inability to provide the defendant with adequate notice of the claims against it, thereby

---

[5] An audiobook is a sound recording, which is a different work than the underlying literary work constituting the text of a book. *See* U.S. Copyright Office, *Compendium of U.S. Copyright Practices* § 618.4(C) (3d ed. 2019) ("A sound recording is separate and distinct from any work that may be embodied in the recording. For example,[] a book that is captured in an audiobook is a separate work from the recording of that book.").

prejudicing any defense it could mount.  Critically, the plaintiff's mistake in *Yamashita* was that, despite basing his entire case on the defendant's violation of alleged limitations, he did not offer any facts to indicate what they were or how they were supposedly violated.  Instead, the plaintiff alleged only that the defendant's use of his photographs exceeded the license "by using them in greater numbers than it had a right to, possibly in publications distributed outside the geographic boundaries of the license, and possibly after expiration of the licenses." *Yamashita*, 2019 WL 4047513, at *5.  Because the copyright owner did not have access to the license agreements, he could allege limitations that only "*might* have been imposed and that *might* have been violated." *Id.* (emphasis in original).  Thus, the defendant had no way to know what acts on its part were alleged to have violated the plaintiff's rights.  The Second Circuit characterized these allegations as "no more than a collection of speculative claims based on suspicion alone," which fell below the pleading requirements of Federal Rule 8.  *Id.*  The Court emphasized that it "d[id] not fault [the plaintiff] for failing to provide detailed *documentation*" of the alleged violations, but rather for the conclusory and ambiguous nature of his allegations.  *Id.* at *6 (emphasis in original); *see also Young-Wolff v. McGraw-Hill School Educ. Holdings, LLC*, No. 13 Civ. 4372, 2015 WL 1399702, at *3 (S.D.N.Y. Mar. 27, 2015) (denying motion to dismiss, stating that complaint need not plead specific "license terms" in order to state a plausible claim for relief).

No such defect exists in Publishers' Complaint.  Taken as true, the Complaint clearly and repeatedly puts Audible on notice of Publishers' allegations that it is providing the Distributed Text without Publishers' authorization, and that Publishers' existing audiobook resale agreements do *not* authorize Audible to create and distribute the Distributed Text.  *See, e.g.*, Compl. ¶¶ 23 ("Audible distributes audiobooks created by Publishers or by third parties with Publishers' authorization . . . .  Audible is a distributor of Publishers' audiobooks and no more

has the right to create and offer Distributed Text than a physical book store selling physical books would have the right to make and sell eBooks."), 29 ("Audible's reproduction, distribution, and display of the Distributed Text, when it has only been authorized to deliver the work in audiobook format, is a misappropriation of the copyright owner's exclusive rights."); 30 ("The Distributed Text is a clear reproduction of Publishers' copyrighted text and is a quintessential derivative of Publishers' audiobooks, both of which require a license from the owner of the rights."); 38 ("Audible's admitted goal is to give users a *reading* experience, despite Audible only having the right to distribute *audio*books."). In other words, the Complaint plausibly alleges that Publishers' agreements do not permit Audible's conduct.

Based on Second Circuit law and the standard of modern pleading, Publishers' allegations are more than sufficient to put Audible and this Court on notice as to the nature of Audible's infringement. It is well established that a complaint can give fair notice as to the violation of a license even if particular "license terms" are not alleged. *See Young-Wolff*, 2015 WL 1399702, at *3 ("To the extent that Defendants demand more specificity—including which individual license terms were violated for each particular photograph—they misconstrue the applicable pleading standard."); *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 353–354 (S.D.N.Y. 2014) (denying motion to dismiss copyright claim, holding that a complaint need not meet "a heightened pleading requirement" when alleging how a defendant has exceeded an identified license); *see also Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*, No. 14 Civ. 9687, 2016 WL 4916969, at *5 (S.D.N.Y. Feb. 11, 2016) (Caproni, J.) (Rule 8 dismissal is for cases where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"). Unlike *Yamashita*, where the defendant and the court were not presented with factual allegations as to what was improper,

Audible could not possibly be in the dark as to Publishers' allegations. Audible's motion nowhere alleges a lack of notice. The Complaint is certainly not "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Bancorp*, 2016 WL 4916969, at *5 (quoting *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004)).

Given this, the Complaint is hardly prejudicial to Audible and nowhere in its motion does Audible claim it is. Audible can, in its answer, assert the affirmative defense of license (if it actually believes it has such a defense), and explain how it believes that the audiobook resale agreements authorize Audible to provide the Distributed Text. It certainly has such agreements in its possession. *See Bourne*, 68 F.3d at 631 ("Since, in such cases, evidence of a license is readily available to the alleged licensee, it is sensible to place upon that party the burden of coming forward with evidence of a license."). In fact, at one point in this case, Audible informed Publishers that it intended to submit such agreements to the Court, though it evidently changed its mind. *See* Declaration of Dale M. Cendali, Esq., dated September 20, 2019, Ex. 1. Audible thus remains able to assert a license defense in its answer if it wishes, but it should not be permitted to restrain consideration of Publishers' copyright claims on the grounds that the Complaint was not properly pleaded.

*Yamashita* does not, as Audible suggests (at 15), articulate a general rule that, any time a defendant has a contract with a copyright holder, the copyright holder's complaint should be dismissed if it does not distinguish that agreement. Nor does *Yamashita* stand for the proposition, also asserted by Audible (at 13), that where any license between the parties exists, a

copyright holder only may bring a contract claim.[6]  This district has held, when denying a motion to dismiss, that such an argument is "flatly contradicted by Second Circuit authority."  *See Amy Axelrod, Inc. v. Simon & Schuster, Inc.*, No. 07 Civ. 891, 2007 WL 2412257, at *4 (S.D.N.Y. Aug. 27, 2007).  *Yamashita* merely stands for the uncontroversial proposition that where a copyright owner bases its claim on the violation of a license, it must do more than allege what "might" have been violated.  2019 WL 4047513, at *3.  Audible's theory that *Yamashita* works a wholesale change in copyright burden of proof, moreover, is inconsistent with the language of *Yamashita* itself as the court cites with approval the accepted standard that "possession of an applicable license . . . is a defense that the *alleged infringer* must plead and prove."  *See id.* at *5 (emphasis added).

*Finally*, if adopted by this Court, Audible's argument would create an unprecedented burden on copyright holders by requiring them to distinguish agreements that do not even concern the defendant's conduct.  Publishers, like other copyright owners, enter into many contracts authorizing myriad uses of their works.  According to Audible, every time a copyright owner wishes to file a copyright lawsuit, it must affirmatively plead how the terms of any agreement given to a defendant for any purpose has been exceeded by the defendant's conduct—

---

[6]  Audible's other cited cases are inapposite because, in each case, the parties agreed that a license between them covered the defendant's conduct.  In addition, most of them also were not decided on a motion to dismiss.  *See Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) (appeal after trial where the existence of the license was "essentially uncontested"); *Muench Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, 367 F. Supp. 3d 82, 91 (S.D.N.Y. 2019) (motion for summary judgment where the parties agreed that stock photo license existed and merely contested whether defendant's actions exceeded its fee schedule); *Sohm v. Scholastic Inc.*, No. 16 Civ. 7098, 2018 WL 1605214, at *10 (S.D.N.Y. Mar. 29, 2018) (motion for summary judgment where defendant did not "dispute that it exceeded the print runs in the relevant invoices and licenses"); *Nadav v. Beardwood & Co.*, No. 17 Civ. 6465 (S.D.N.Y. Jan. 17, 2018) (Dkt. No. 24) (complaint alleged that the defendant purchased a license to use the plaintiff's font software but violated its commercial use restriction); *Reis, Inc. v. Spring11 LLC*, No. 15 Civ. 2836, 2016 WL 5390896, at *6 (S.D.N.Y. Sept. 26, 2016) (parties agreed to existence of EULA-based contract so claim turned on whether access limitation was violated); *Mech. Plastics Corp. v. W.W. Grainger, Inc.*, No. 12 Civ. 4688, 2013 WL 12333770, at *7 (S.D.N.Y. Oct. 3, 2013) (complaint alleged existence of Supplier Agreement and argued infringement based on violating sales requirement).  Audible's final case, *Jasper v. Sony Music Entm't, Inc.*, 378 F. Supp. 2d 334, 339 (S.D.N.Y. 2005), is inapposite as it dealt with the grant of a renewal right in an exclusive license.

even if the agreement is not a license, the suit is not based on the work that is the subject of the agreement, or the defendant's actions are not permitted by the contract. In other words, Audible's argument imports a lack of license requirement into the elements of a copyright claim. This is inconsistent with the Supreme Court's articulation of the elements of that claim, *see supra* 3, and the Second Circuit's allocation of burdens, *see supra* 4, and is also an impractical requirement for a copyright owner. It also would not serve the purposes of Rule 8 in this case as Audible clearly already is on notice of the parties' agreements and their terms. Accordingly, Audible's motion to dismiss as to license should be denied.[7]

## CONCLUSION

For the foregoing reasons, Publishers respectfully request that Audible's motion to dismiss be denied in its entirety.[8]

---

[7] In any case, Publishers respectfully request that, if this Court is inclined to grant Audible's motion, they be permitted leave to amend their Complaint as, at the end of the day, Audible's motion concerns the Complaint's allegations, not the substance of Publishers' claims. *See TufAmerica, Inc. v. Orchard Enters., Inc.*, No. 11 Civ. 1816, 2011 WL 4946663, at *3 (S.D.N.Y. Oct. 14, 2011) (citing *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999)); *see also Barrett v. PJT Partners Inc.*, No. 16 Civ. 2841, 2017 WL 3995606, at *10 (S.D.N.Y. Sept. 8, 2017) (Caproni, J.) (granting leave to amend complaint where plaintiff's opposition brief identified the existence of additional facts). This is a different scenario than *Yamashita*, where the defendant proposed an amendment but could not assert the terms of the license limitations because he did not have access to them. 2019 WL 4047513, at *8.

[8] Publishers do not understand Audible to be seeking dismissal of Publishers' Complaint based on fair use. Audible has cited no cases supporting Rule 12(b)(6) dismissal based on its fair use arguments, and the fair use section of Audible's brief relies heavily on extrinsic evidence that would not be proper were Audible moving to dismiss based on fair use. This is no doubt because fair use is "fact-intensive," *Graham v. Prince*, 265 F. Supp. 3d 366, 371, 386 (S.D.N.Y. 2017), and difficult to resolve on a motion to dismiss. *See LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 448 (S.D.N.Y. 2011) ("Defendants raise a fair use defense to copyright infringement, but the record is insufficient to make such a fact-intensive ruling as a matter of law."); *M. Shanken Commc'ns, Inc. v. Cigar500.com*, No. 07 Civ. 7371, 2008 WL 2696168, at *10 (S.D.N.Y. July 7, 2008) (declining to consider fair use on a motion to dismiss).

- 13 -

Dated: September 20, 2019
      New York, New York

*/s/ Dale M. Cendali*
Dale M. Cendali
Joshua L. Simmons
Jordan M. Romanoff
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
jordan.romanoff@kirkland.com

*Attorneys for Plaintiffs*