```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CHRONICLE BOOKS, LLC, HACHETTE BOOK            :
GROUP, INC., HARPERCOLLINS                     :
PUBLISHERS LLC, MACMILLAN                      :
PUBLISHING GROUP, LLC, PENGUIN                 :
RANDOM HOUSE LLC, SCHOLASTIC INC.,             :
AND SIMON & SCHUSTER, INC.,                    :
                                               :
                              Plaintiffs,      :
                                               :
                -against-                      :
                                               :
AUDIBLE, INC.,                                 :
                              Defendant.       :
-------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  02/12/2020
```

19-CV-7913 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

   WHEREAS on January 13, 2020 (Dkt. 68), the parties notified the Court that they have reached an agreement in principle resolving all issues;

   WHEREAS on January 14, 2020 (Dkt. 69), the Court administratively closed this case and ordered the parties to make any request for the Court to reopen the case or to retain enforcement jurisdiction over their settlement agreement within 30 days;

   WHEREAS the Court has instructed that any settlement agreement for which the parties request retention of enforcement jurisdiction must be publicly filed on the docket, "[a]bsent extraordinary circumstances"[1];

   WHEREAS on February 4, 2020 (Dkt. 71), the parties publicly filed a joint letter requesting that the Court enter a stipulated permanent injunction and retain enforcement jurisdiction of a related settlement agreement;

---

[1]   *See* Rule 7.A of the Court's Individual Practices.

WHEREAS on February 6, 2020 (Dkts. 72, 73), the parties requested leave to file the settlement agreement under seal, contending that the agreement is not a judicial document entitled to the presumption of public access;

IT IS HEREBY ORDERED THAT the parties' motion to seal the entirety of the settlement agreement is DENIED with leave to submit proposed redactions.  The public has a presumptive right to judicial documents, defined as any document filed with the Court that is "relevant to the performance of the judicial function and useful in the judicial process."[2]  Here, there is no doubt that a settlement agreement over which the Court retains enforcement jurisdiction is a judicial document, particularly when the proposed permanent injunction references and incorporates that agreement.[3]  *See* Proposed Permanent Injunction and Order of Dismissal (Dkt. 71-1) ("This matter is dismissed with prejudice, and the Court shall retain jurisdiction over any application to implement and/or enforce the terms of this Stipulation and Order and related settlement agreement.").  Requiring the public filing of a settlement agreement before granting any request for retention of enforcement jurisdiction is a common practice

---

[2] *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

[3] *See Mercer Health & Benefits LLC v. DiGregorio*, No. 18-CV-1805, 2018 WL 3559165, at *1 (S.D.N.Y. July 13, 2018) ("The parties' finalized Agreement, for which they ask the Court to retain jurisdiction to enforce and which is a condition of the proposed Consent Injunction Order, is a judicial document and therefore subject to a presumption of public access."); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994) (holding that settlement agreement was not judicial document because it was "never filed with, interpreted or enforced by the district court"); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) ("Once a settlement is filed in district court, it becomes a judicial record . . . . The final order of permanent injunction . . . was filed and submitted to the district court for approval, and therefore the presumption in favor of the public's common law right of access to judicial records is applicable to the settlement documents, including the final order and transcript.").

None of the cases relied upon by the parties concerns a settlement agreement for which parties have requested retention of enforcement jurisdiction.  *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004); *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998); *Palmieri v. State of N.Y.*, 779 F.2d 861, 865 (2d Cir. 1985); *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 n.2 (S.D.N.Y. 2009).

adopted by this Court and other district judges in this circuit.[4]  In this case, the parties have not demonstrated competing interests sufficient to rebut the presumption of access and to justify departing from the Court's general practice.[5]

IT IS FURTHER ORDERED THAT, to the extent that the parties continue to request that the Court retain enforcement jurisdiction over the settlement agreement, the parties must file, under seal, a copy of the settlement agreement with all proposed redactions highlighted, no later than **February 21, 2020**.  The filing must be accompanied by a letter brief explaining the justifications for each proposed redaction.  At this juncture, the Court sees no reason to redact anything in the settlement agreement apart from settlement amount(s).  If the parties decide not to request retention of jurisdiction, then they may submit, no later than **February 21, 2020**, a revised stipulated permanent injunction that removes all references to the related settlement agreement, and the Court will enter a permanent injunction without retaining jurisdiction over enforcement of the agreement.

**SO ORDERED.**

Date:  February 12, 2020　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　New York, NY　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[4]　　See, e.g., *Smelser v. Martin's Famous Pastry Shoppe, Inc.*, No. 17-CV-01813, 2019 WL 3006539, at *4 (D. Conn. July 10, 2019) ("[T]he requirement of public disclosure is my general practice in all civil settlements over which I retain jurisdiction.").

[5]　　See *DiGregorio*, 2018 WL 3559165, at *1 ("The parties have failed to identify countervailing factors beyond their 'intention and understanding' that the agreement would remain confidential.  That is insufficient to overcome the presumption of access.").